# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE G. AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07 C 3184 |
| COOK COUNTY, COOK COUNTY | ) | |
| COMMISSIONER TONY PERAICA, | ) | |
| COOK COUNTY EMPLOYEE | ) | |
| ROBERT KOBEL, | ) | |
| | ) | **Wayne R. Andersen** |
| Defendants. | ) | **District Judge** |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants County of Cook, Cook County Commissioner Anthony Peraica ("Peraica"), and Robert Kobel to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part. We deny defendants' motion to dismiss with respect to Counts I-IV, and we grant defendants' motion to dismiss with respect to Counts V-XII.

## BACKGROUND

Plaintiff Terrence G. Austin ("Austin") filed a complaint against Cook County in the Circuit Court of Cook County on or about March 1, 2007. Austin then filed a *pro se* complaint against Cook County in this court on June 6, 2007. Subsequently, Austin voluntarily dismissed the state court proceeding on August 30, 2007 and proceeded solely in this court. On September 14, 2007, Austin amended his complaint to include defendants Peraica and Kobel, as well as Cook County Commissioner Elizabeth Gorman, and several defendants from the Village

of Bridgeview.  Peraica was served with the complaint on October 15, 2007 and Kobel was served on November 14, 2007.  Austin then obtained counsel, who filed their appearances on June 11, 2008 and requested leave to amend the complaint a second time.  On August 8, 2008, Austin filed a second amended complaint, naming Cook County, Peraica, and Kobel as the only defendants and setting forth allegations only as to Cook County, Peraica, and Kobel.

The allegations in the second amended complaint stem from Austin's alleged discharge as an employee of Cook County on August 11, 2005.  Austin alleges that on July 7, 2005 he was treated at the Advocate Christ Hospital in Oak Lawn, Illinois, and that before he was released Peraica and Kobel gained possession of his confidential medical information and records.  Austin further alleges that Peraica notified the Cook County Department of Human Resources of Austin's suspension on July 7, 2005, and then actually suspended him on July 11, 2005.  Subsequently, Peraica allegedly fired Austin on August 11, 2005, charged him with "official misconduct," and attempted to block him from receiving state unemployment benefits.  Finally, Austin alleges that these negative actions taken against him were the result of his refusal to perform Peraica's political projects.

Based on the series of events alleged above, Austin asserts several claims against defendants.  Counts I and II allege that Cook County violated Austin's rights under Section (a)(1) and (a)(2) of the Family Medical Leave Act ("FMLA"), respectively.  29 U.S.C. §§ 2615(a)(1)-(2).  Counts III-VI state the same allegations of FMLA violations by Peraica and Kobel.  In Count VII, Austin alleges that the hiring, promotion, and discharge practices of Cook County violate the Shakman decree, while Count VIII sets forth the same allegations against Peraica, and Count IX alleges that Peraica and Kobel conspired to violate the Shakman decree.

In Count X Austin ostensibly sets forth a claim under 42 U.S.C. § 1983 by alleging that Cook County acted under color of state law and unlawfully suspended and discharged Austin because of political affiliations and patronage. Count XI alleges the same claim against Peraica, and Count XII alleges that Peraica and Kobel conspired to suspend Austin because of political affiliations and patronage, also under color of state law. We now turn to defendants' motion to dismiss plaintiff's second amended complaint.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7ᵗʰ Cir. 1999). A complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7ᵗʰ Cir. 2007)(quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.     Counts I and II: Alleged FMLA Violations by Cook County

Counts I and II allege that Cook County, violated Sections (a)(1) and (a)(2) of the FMLA. 29 U.S.C. §§ 2615(a)(1)-(2). Austin claims that the defendants interfered with the exercise of his rights under the FMLA after he provided notice of his need to use FMLA leave to

obtain medical care and that the defendants used the fact that he took FMLA leave to suspend and then discharge him. Defendants claim that these counts should be dismissed because Austin failed to exhaust the requisite administrative remedies. Defendants argue that, because claims involving retaliation under FMLA are often treated similarly to claims involving retaliation under Title VII of the Civil Rights Act of 1964, the exhaustion of administrative remedies requirement that applies to a plaintiff asserting Title VII claims should also apply to a plaintiff asserting claims under the FMLA. *See Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). However, this argument is not supported by law. The FMLA states that an action "may be maintained against any employer...in any Federal or State court of competent jurisdiction..." and does not provide for the exhaustion of administrative remedies. 29 U.S.C. § 2617(a)(2). Therefore, we reject defendants' contention that Austin's FMLA counts should be dismissed based on Austin's failure to exhaust administrative remedies.

Accordingly, because Austin has properly alleged claims of FMLA violations against Cook County, defendants' motion to dismiss with respect to Counts I and II of Austin's complaint is hereby denied.

## II.  Counts III-VI: Alleged FMLA Violations Against Peraica and Kobel

In Counts III and IV Austin asserts the same FMLA claims as above against Peraica, and in Counts V and VI he asserts similar claims against Kobel. Because Austin alleges that Peraica and Kobel willfully and intentionally violated the FMLA, and the statute of limitations for a willful violation of the FMLA is three years from "the date of the last event constituting the alleged violation for which such action is brought," Austin's FMLA claims against Peraica and Kobel are timely. 29 U.S.C. § 2617(c)(2). Austin alleges that his discharge occurred on

August 11, 2005.  Peraica and Kobel were named as defendants in the first amended complaint,

filed on September 14, 2007.  Further,  Peraica and Kobel were served on October 15, 2007 and

November 14, 2007, respectively.  Accordingly, the suit was filed within the applicable three

year statute of limitations, and Austin's complaint is timely.  However, for the reasons set forth

below we deny defendants' motion to dismiss as to Peraica (Counts III and IV) and grant

defendants' motion to dismiss as to Kobel (Counts V and VI).  Kobel is hereby dismissed as a

defendant in this lawsuit.

      Austin alleges that Peraica and Kobel violated two sections of the FMLA, which provide,

> (a) Interference with rights.
>> (1) Exercise of rights.  It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to services, any right provided under this [statute]
>> (2) Discrimination.  It shall be unlawful for any employer to discharge or in any manner discriminate against any individual for opposing any practice made unlawful by this [statute].

29 U.S.C. §§ 2615(a)(1)-(2).  When determining liability under these sections, courts often face

the question of who is considered an employer for purposes of the statute and, specifically,

whether an individual can be held liable under the FMLA.  Although the issue of individual

liability has not yet been addressed by the United States Supreme Court or the Seventh Circuit,

courts in this district generally agree that individuals can be held liable under the FMLA.  *See*

*Smith v. Univ. of Chi. Hosp.*, No. 02 C 0221, 2003 U.S. Dist. LEXIS 20965, at *6 (N.D. Ill. Nov.

20, 2003).  To determine whether an individual is liable as an employer under the FMLA, courts

look to the Fair Labor Standards Act ("FLSA") because it defines the term "employer" in almost

identical language to the FMLA.  *Id.*  Under the FLSA, a person is considered an "employer"

and subject to individual liability if two conditions are met: (1) the individual had supervisory

authority over the plaintiff; and (2) the individual was at least partly responsible for the alleged violation. *See Wilson v. Advocate Health and Hosp. Corp.*, No. 05 C 6408, 2006 U.S. Dist. LEXIS 45283, at *2 (N.D. Ill. June 21, 2006).

With respect to Peraica, Austin has made sufficient allegations to meet this test. Austin repeatedly alleges that Peraica himself suspended and discharged Austin from his employment with the county, and that the actions were the result of Austin exercising his rights under the FMLA. Accordingly, Peraica can be held individually liable under the FMLA and defendants' motion to dismiss Counts III and IV of the complaint is denied. However, Austin has not made sufficient allegations regarding Kobel's individual liability. Although Austin alleges that Kobel was partially responsible for the alleged FMLA violation by obtaining Austin's medical records from Advocate Christ Hospital, nowhere in the complaint does Austin allege that Kobel had supervisory authority over him. Accordingly, Kobel cannot be held individually liable pursuant to the FMLA and defendants' motion to dismiss is granted with respect to Counts V and VI. Kobel is hereby dismissed as a defendant in this lawsuit.

### III.    Counts VII-IX: Alleged Shakman Decree Violations

In Counts VII-IX Austin alleges that Cook County, Peraica, and Kobel violated the Shakman decree by suspending and discharging him based upon political affiliation and patronage. Specifically, Counts VIII and IX attempt to assert violations of the Shakman decree by Peraica and Kobel. Because Shakman claims cannot be asserted against individuals, Counts VIII and IX are hereby dismissed.

Count VII alleges a violation of the Shakman decree by Cook County. While many county employees have standing to assert claims under the Shakman decree, certain employees

are exempt. The complaint fails to assert the nature of Austin's employment with the county. Therefore, we are unable to determine whether Austin may have a valid Shakman claim or whether he is an exempt employee. Accordingly, Count VII is dismissed without prejudice. To the extent that Austin asserts that he does in fact have standing to pursue a claim under the Shakman decree, he may file an amended complaint with respect to Count VII.

## IV.  Count X: Alleged Shakman Decree Violation Under Color of State Law

Count X also asserts a violation of the Shakman decree by Cook County. The allegations in Count X are virtually identical to the allegations set forth in Count VII except that they allege that Cook County acted under color of state law. We are unclear whether Austin intended to base the allegations in Count X on Shakman decree violations or on violation of Section 1983. However, to the extent that Count X attempts to assert a Shakman claim, it merely duplicates Count VII and should be dismissed. To the extent that Count X attempts to assert a Section 1983 violation, it fails to set forth any deprivation of a Constitutional right, and is dismissed for that reason. Accordingly, Count X is hereby dismissed.

## V.  Counts XI-XII: Alleged Violations of Section 1983 by Peraica and Kobel

In Counts XI and XII Austin alleges that Peraica and Kobel, acting under color of state law, conspired to hire, promote, and fire Cook County employees based on political affiliations and patronage in violation of 42 U.S.C. § 1983. Defendants argue that these counts should be dismissed because Peraica and Kobel were not served within the requisite statute of limitations. Section 1983 does not provide for a statute of limitations, but because claims under Section 1983 are best characterized as personal injury actions, the statute of limitations set forth in the state personal injury statute controls. 42 U.S.C. § 1983; *see Wallace v. Kato*, 549 U.S. 384, 387

(2007); *Kalimara v. Ill. Dep't. of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). The statute of limitations for personal injury actions in Illinois is two years. 735 ILCS 5/13/202; *Kalimara*, 879 F.2d at 277.

Austin's original *pro se* complaint filed in this court on June 1, 2007 did not include Peraica and Kobel as named defendants. Austin subsequently amended the complaint to include defendants Peraica and Kobel on September 14, 2007, more than two years after his alleged discharge occurred on August 11, 2005. Defendants' argue that Peraica and Kobel should have been on notice of Austin's lawsuit based on his June 2007 complaint because they were named in the body of the complaint and referred to as defendants therein as well. However, we reject this argument because Peraica and Kobel were not served with the first complaint. Rather, Peraica was served on October 15, 2007 and Kobel was served on November 14, 2007. Although more leniency is given to *pro se* plaintiffs, we decline to disregard the requirement that a defendant must be timely served. Merely naming defendants in a complaint without serving them does not give the defendants the requisite notice. Accordingly, defendants' motion to dismiss is granted with respect to Counts XI and XII.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [89] is granted in part and denied in part. Counts V-XII are hereby dismissed, while Counts I-IV withstand defendants' motion. Pursuant to the dismissal of Counts V and VI, Robert Kobel is hereby dismissed as a defendant in this lawsuit.

Additionally, the Village of Bridgeview, Bridgeview Mayor Steve Landek, the Bridgeview Police Department and Bridgeview Police Officer Forest "Butch" Sloan (collectively

8

"the Bridgeview defendants") have also filed a motion to have a final order entered dismissing them from this cause of action. The Bridgeview defendants were named as defendants in Austin's amended complaint, but were not named as defendants in Austin's second amended complaint. Austin's second amended complaint does not state any allegations against any of the Bridgeview defendants, and he has not objected to the Bridgeview defendants' instant motion. Accordingly, the Bridgeview defendants' motion to dismiss [92] is granted and all of the Bridgeview defendants listed above are hereby dismissed from this lawsuit.

Finally, Austin is to file a third amended complaint that complies with this order. The third amended complaint shall be filed on or before April 24, 2009.

It is so ordered.

Signed: _Wayne Andersen_
_____
Wayne R. Andersen
United States District Judge

Dated:  March 25, 2009