Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3184 | **DATE** | April 30, 2012 |
| **CASE TITLE** | *Austin v. Cook County, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motions in limine [211-1] are granted in part and denied in part as provided herein. The defendants' motions in limine are ruled on as follows: motions (1) [202-1] and (4) [205-1] are granted. The defendants' motions in limine (2) [203-1], (3) [204-1], (5) [206-1], (6) [207-1], (7) [208-1], and (8) [209-1] are denied.

■[ For further details see text below.]

00:00

## STATEMENT

Evidence should be excluded on a motion in limine "only when evidence is clearly inadmissible on all potential grounds .... [and][u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial...." *See Steck v. Bimba Mfg Co.*, 96 C 7442, 1997 WL 685003, at *1 (N.D. Ill. Oct. 30, 1997) (citation omitted). The denial of a motion in limine does not mean that the evidence is necessarily admissible, rather, it means only that the party moving in limine has not demonstrated that there is no possible basis for the admission of the evidence. *Holmes v. Sood*, No. 02 C 7266, 2006 WL 1988716, at *1 (N.D. Ill. July 12, 2006). *See also Alexander v. Mt. Sinai Hosp. Med. Center of Chicago*, No. 00 C 2907, 2005 WL 3710369 at *2 (N.D. Ill. Jan. 14, 2005). Further, the denial of a motion in limine does not preclude a party from objecting to the admission of any evidence at trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("a ruling [on motion in limine is] subject to change based upon the court's exposure to the evidence at trial"). Keeping in mind these observations, the court addresses the parties' motions in limine in turn.

Plaintiff's Motions in Limine

The defendants do not object to the plaintiff's motions in limine numbers 1, 4, 6, 10, 11, 12, 14, 15, 16, 17, 19, 21, and 22. Therefore, these motions are granted.

1.) In his first motion in limine, the plaintiff asks the court to allow a corrected copy of a July 19, 2006, letter from Advocate Christ Medical Center to be admitted while barring any medical records from Christ Hospital and Advocate Medical Care. According to the plaintiff, the July 19, 2006, letter shows that there was a disclosure of the plaintiff's medical records to Peraica. The defendants respond that they do not object to "barring the medical records of Plaintiff Austin from Christ Hospital and Advocate Medical Health

Centers which includes the corrected copy of the July 19, 2006, correspondence from Advocate Christ Medical Center." Thus, while it appears that the defendants object to the admission of the corrected July 19, 2006, letter (but not the medical records), they do not provide a basis for the objection. Given the lack of a reason for the objection, the plaintiff's motion is granted. The corrected copy of the July 19, 2006, letter from Advocate Christ Medical Center is allowed subject to any objections at trial by the defendants and the medical records from Christ Hospital and Advocate Medical Care are barred.

  2.) The plaintiff asks the court to bar any and all police records from the July 7, 2005, investigation of criminal conduct and his July 9, 2005, arrest for possession of drug paraphernalia and possession of a narcotic instrument. According to the plaintiff, the charge and related documents are irrelevant because the charge was dismissed and stricken on leave and an order to expunge and seal was entered with respect to the charge and case file. The plaintiff also asserts that the danger of unfair prejudice from the evidence substantially outweighs its probative value. But, as the defendants point out, Peraica purportedly terminated the plaintiff based on the arrest, not, as the plaintiff asserts, for having taken FMLA leave. Thus, the arrest appears to be a critical piece of information that the defense will rely on and the court does not find that the potential prejudice substantially outweighs the probative value. Nevertheless, to the extent that the arrest is referred to, the plaintiff will be permitted to show that the arrest was stricken on leave and expunged. The motion is denied.

  3.) In his third motion in limine, the plaintiff contends that any and all media reports regarding his July 7, 2005, alleged overdose and the July 9, 2005, arrest should be barred as irrelevant and unduly prejudicial under Rule 403. Again, however, the defendants note that part of their defense will be that Peraica terminated the plaintiff based on his overdose and arrest and the unfavorable media attention that followed. Based on the information provided in the parties' briefs on the issue, the court concludes that the evidence is relevant and that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. If at trial the plaintiff has a specific objection to a particular media report, he may raise it at the appropriate time.

  5.) The plaintiff next asks the court to bar the defendant from arguing that the plaintiff was not eligible for FMLA leave. This issue was raised in the parties' summary judgment papers, but was not decided due to issues of fact. Because the issue has not been resolved, the court sees no basis on which reference to it can be excluded. The motion is denied.

  7.) The seventh motion in limine seeks to bar the defendants from arguing that Peraica had the right or authority to terminate Austin from his employment with Cook County. For the same reason as stated in the ruling on motion in limine number (5), the motion is denied.

  8.) Similar to his second motion, the plaintiff asks the court to bar all references to the plaintiff's July 9, 2005, arrest other than that he was charged with possession of drug paraphernalia and possession of a narcotic instrument, the case against him was dismissed and stricken on leave, and that the record was expunged. As noted above, evidence of the arrest will be admitted but the plaintiff may admit evidence that it was stricken on leave and expunged and that the case against the plaintiff was dismissed.

  9.) The plaintiff seeks to exclude any reference to him having been Peraica's "chief of staff." He asserts that all of the relevant Cook County documents demonstrate that he was an administrative assistant and that any reference to him being the "chief of staff" would mislead the jury and be "highly prejudicial." However, in the motion for summary judgment, record evidence indicated that while the plaintiff was

technically appointed as an "administrative assistant," some people also referred to him as the "chief of staff." The plaintiff has provided no explanation why adducing evidence that some people referred to the plaintiff as the "chief of staff" would be confusing or highly prejudicial. Any clarifications that the plaintiff deems necessary can be elicited and explained at trial. The motion is denied.

      13.)      The plaintiff next seeks to bar the defendants from arguing or insinuating that the plaintiff is asking for a greater amount of money than is actually expected to be awarded (assuming, apparently, that he wins on liability). The defendants assert that the motion is premature and any request of this nature should be made within the context of trial. The court agrees. The motion is denied without prejudice to renewal at trial.

      18.)      In his eighteenth motion in limine, the plaintiff seeks, under Rules 402 and 403, to bar any reference that Peraica will be personally liable for any judgment. The defendants object on the ground that Peraica will be liable for any punitive damages award. But, punitive damages are not available under the FMLA. *Breneisen v. Motorola, Inc.*, No. 02 C 50509, 2009 WL 1759575, at *7 (N.D. Ill. Jun. 22, 2009) ("The remedies available under the FMLA do not include damages for emotional distress or punitive damages."). The defendants also argue that because the plaintiff has not yet presented his evidence in support of his damage request, the defendants "cannot anticipate what their comments will be on Plaintiff's evidence and award request." But whether the defendants can at this time anticipate what their arguments will be is neither here nor there–the plaintiff is requesting that the defendants not be allowed to make any reference that Peraica will be personally liable for any judgment. The motion is granted.

      20.)      In his final motion in limine, the plaintiff seeks to bar, under Rule 402 and 403, any reference that the plaintiff may not have called to testify any witness equally available to the other party. "Before a party can argue to the trier of fact that an adverse inference should be drawn from another party's failure to call a witness, the complaining party must establish that the missing witness was peculiarly in the power of the other party to produce." *Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993). Given that the defendants agree that they have the power to subpoena any of the witnesses, the plaintiff's motion is granted.

<u>Defendants' Motions in Limine</u>

      1.)      The defendants first seek to exclude reference to indemnification by Cook County contending that it is irrelevant and the probative value is substantially outweighed by the prejudicial nature of such reference. The court agrees that the issue of indemnification is irrelevant and should not be raised to the jury; however, if Peraica introduces the issue by asserting his inability to pay damages, the plaintiff may then introduce evidence of indemnity. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 818 (N.D. Ill. 2010). This aspect of the motion is granted. In their reply, the defendants withdraw their request that the plaintiff be barred from making reference to the defendants' attorneys as "Assistant State's Attorneys," "County lawyers," "County" or "State."

      2.)      The defendants' second motion in limine asks the court to bar reference to the finding of "stricken on leave" with respect to the plaintiff's July 9, 2005, arrest for possession of drug paraphernalia and possession of a narcotic instrument. They contend that references to the "stricken on leave" disposition will cause juror confusion and that the probative value of that evidence is outweighed by the prejudicial effect. The court denies the motion. This is an FMLA case in which the plaintiff's arrest is, according to the defendants, relevant because that was the basis for the decision to terminate the plaintiff. The court cannot discern any possibility of juror confusion simply by informing them that the arrest was stricken on leave and

expunged. Whether probable cause existed to arrest the plaintiff has nothing to do with defendant Peraica's purported decision to terminate the plaintiff based on his arrest and the resulting FMLA claim. Contrary to the defendants' assertion that Rule 403 precludes admission of the disposition and expungement, by not informing the jury of the ultimate disposition of the arrest, the court risks prejudicing the plaintiff by allowing the jury to infer that he was found guilty of the offenses. Thus, the motion is denied. To the extent that evidence of the arrest is raised in court, the plaintiff may introduce admissible evidence showing that the arrest was stricken on leave and ultimately expunged. Any concerns by the defendants regarding hearsay should be raised at the appropriate time at trial.

3.) In their third motion in limine, the defendants ask the court to bar argument or testimony regarding the prior conduct or reputation of defendant Peraica or any of the defendants' witnesses. They assert that such evidence is irrelevant, any probative value is outweighed by the danger of unfair prejudice and that it constitutes improper character evidence under Rule 404(b). The defendants do not explain or describe what specific evidence they are referring to. Because the request to exclude is so vague and undefined, the motion is denied without prejudice to the defendants renewing the motion at trial.

4.) In the fourth motion in limine, the defendants seek to bar any non-disclosed witnesses and the plaintiff does not object. Therefore, the motion is granted.

5.) The defendants' fifth motion in limine seeks to bar any treating physician or other medical professionals from testifying as to the "ultimate cause" of the plaintiff's medical condition. Again, however, the parties fail to identify specifically whose testimony is sought to be excluded. Moreover, while the defendants contend that the "medical witnesses" were not disclosed, the plaintiff responds that the witnesses "have been disclosed, albeit in another manner," but fails to identify what this manner was. As with the defendants' third motion in limine, the request and the supporting details are so vague the court has no basis on which to rule. In essence, this motion asks the court generally to enforce the Federal Rules of Civil Procedure, which is not an appropriate request for a motion in limine. It is therefore denied without prejudice to renewal at trial.

6.) The defendants' sixth motion in limine asks the court to bar reference to or evidence regarding any other publicized incidents regarding defendant Peraica. According to the defendants, there are "a number of other incidents which have aroused considerable passion in the community and received a great deal of publicity." They ask the court to preclude the plaintiff from introducing "any prejudicial material regarding publicized incident of defendant Commissioner Peraica." What are the exact incidents? Why would admission of evidence regarding these incidents be prejudicial? Again, the request is too broad and vague for the court to make an informed ruling. The motion is denied at this time.

7.) In the defendants' seventh motion in limine, they ask the court to bar any evidence regarding the conduct of Peraica's son, Marko. The defendants state that during defendant Peraica's deposition, plaintiff's counsel attempted to elicit information about an arrest of Marko Peraica when he was a Cook County employee. The defendants assert that the fact of and circumstances surrounding Marko's arrest are irrelevant and their probative value is outweighed by the danger of unfair prejudice and confusion. No details of the arrest or subsequent events are provided, but, according to the defendants, Marko Peraica was not an employee of Cook County and therefore, the same policies and procedures did not apply to him as applied to the plaintiff. In addition, the defendants also contend that evidence of Marko Peraica's arrest constitutes improper character evidence under Rule 404(b).

**STATEMENT**

The plaintiff, for his part, asserts that Marko Peraica's conduct is relevant because it shows "Defendant Cook County's policy regarding employees that are arrested." Contrary to the defendants' assertion that Marko Peraica was not a Cook County employee, the plaintiff states that he was. Without additional information establishing who Marko Peraica's employer was and possibly, the details of the arrest and subsequent events, the court is in no place to make a ruling on this issue at this time. The motion is denied without prejudice to renewal at trial.

8.) In their final motion in limine, the defendants seek to preclude the plaintiff from making any reference to or introducing any evidence regarding any prior arrests of defendant Peraica. They contend that such evidence would "unfairly interject collateral matters and inflame the passions of the jury against the Defendants." According to the defendants, the evidence of a prior arrest is irrelevant and inadmissible under Rules 403, 404(b), and 609. The plaintiff does not respond to the motion. In that event, the court generally would grant the motion as unopposed. However, because of the lack of detail (what was the arrest for, when did it happen), the court is unwilling to rule that evidence regarding the arrest is entirely inadmissible at trial. The motion is denied without prejudice to renewal at trial.